**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNTIED STATES OF AMERICA, | : | CASE NO: 1:18CR213 |
| | : | |
| Plaintiff, | : | JUDGE SARA LIOI |
| | : | |
| -vs- | : | **XIOMARA PERDOMO'S** |
| | : | **SENTENCING MEMORANDUM** |
| XIOMARA PERDOMO, et al., | : | |
| | : | |
| Defendants. | : | |

Xiomara Perdomo, through counsel, respectfully submits the attached Sentencing Memorandum for this Court's consideration at her sentencing hearing. She respectfully asserts that a sentence of time served, followed by supervised release with conditions is "sufficient but not greater than necessary" to achieve the statutory goals of sentencing under Title 18, United States Code §§ 3553(a) and 3661.

Respectfully submitted,

STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar: 0051928

*/s/Charles E. Fleming*
CHARLES E. FLEMING (0046778)
Assistant Federal Public Defender
Office of the of the Federal Public Defender
1660 West Second Street, Suite 750
Cleveland, Ohio 44113
(216) 522-4856 Fax: (216) 522-4421
Email: charles_fleming@fd.org

1

## MEMORANDUM

### I.    INTRODUCTION

Xiomara Perdomo was charged in a multi-count, multi-defendant Indictment with conspiracy to distribute heroin and use of a communication device in furtherance of the conspiracy. (See Indictment).   She pled guilty pursuant to a written plea agreement on March 28, 2019.   The Court referred the matter for the preparation of a presentence report ("PSR").

The PSR was completed on June 28, 2019.   It suggests that Ms. Perdomo's total offense level is 21 and her criminal history category is I (sentencing range of 37-46 months). (See PSR at ¶59).   This is based on a base offense level of 26, a decrease of two levels because she meets the criteria for safety valve in USSG §5C1.2 and 18 U.S.C. §3553(f), and an additional decrease of three levels for acceptance of responsibility.   (See PSR at ¶¶30-39).   Ms. Perdomo had no objections to the calculations in the PSR.

Ms. Perdomo asserts for the reasons stated herein that a downward variance is appropriate in this case.   A sentence of time served followed by a period of supervised release would be sufficient to serve the purposes set forth in 18 U.S.C. §3553(a).

### II.    LAW AND ARGUMENT

Title 18, Section 3553(a) of the United States Code directs sentencing courts to impose the minimally sufficient sentence to achieve the statutory purposes of punishment – justice, deterrence, incapacitation, and rehabilitation – by imposing a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2).   *Kimbrough v. United States,* 552 U.S. 85, 101 (2007).   Section 3553(a) represents a cap above which this Court is statutorily prohibited from sentencing – even when a greater sentence may be recommended by the Sentencing Guidelines – as the Guidelines are statutorily subordinate to the parsimony

principle of § 3553.   Id.; *Gall v. United States*, 552 U.S. 38 (2007); *United States v. Booker*, 544 U.S. 220 (2005).

Thus, the sentencing range proposed through calculation of the advisory Sentencing Guidelines is only one of many factors sentencing courts must consider when imposing sentence. After properly calculating the applicable advisory guideline range, sentencing courts must then consider each of the remaining § 3553(a) factors in order to impose a sentence that is sufficient, but not greater than necessary, to fulfill the purposes of sentencing.  *Gall*, 552 U.S. 38, 49-50 (2007).   A sentence in the advisory range in this case is greater than necessary to fulfill the purposes set forth in §3553(a).

### A.      SENTENCING FACTORS – REQUESTS FOR A VARIANCE

### 1.      Xiomara Perdomo's Personal History and Characteristics

Xiomara Perdomo was raised in a rough, low-income, Chicago neighborhood where drugs and violence were prevalent.   (See PSR at ¶49).   It was not uncommon for her to see gun violence when she went to and from school.   (See PSR at ¶49).   Her parents were never married, but lived together; upon his retirement, her father moved to Mexico. (See PSR at ¶49).   She was sexually abused and raped during her childhood and adolescence.   (See PSR at ¶49).   She, her mother, and other family members ultimately moved to Columbus, Ohio, to escape the violence in her neighborhood.   (See PSR at ¶49).

Ms. Perdomo is a single, 32 year old, mother of three.   (See PSR at ¶50).   Her oldest child is autistic and requires constant care.   (See PSR at ¶50).   Her youngest child was fathered by co-defendant Edgar Pedraza.   (See PSR at ¶50).   She has maintained gainful employment both before and throughout this case.   (See PSR at ¶55).   Nonetheless, she has struggled to make ends meet.   Her financial challenges, combined with the circumstances surrounding this case, were

significant contributing factors to her present diagnoses of depression and anxiety.   (See PSR at

¶52).   She is currently receiving treatment for both.   (See PSR at ¶52).

Her relationship with Edgar Pedraza was turbulent and rife with abuse.   (See PSR at ¶51).

On one occasion several years ago, he slammed her to the ground with enough force to break her

jaw.   She required reconstructive surgery.   (See PSR at ¶51).   On another occasion, he punched

her in the face, leaving a permanent scar on her nose.   (See PSR at ¶51).   In yet another incident,

he pushed her through a glass window, severely cutting her right arm; this left a huge scar.   (See

PSR at ¶51).   The abuse she suffered cannot excuse her actions in this case, but it gives insight

into how she was manipulated and controlled while the conduct was occurring.

Ms. Perdomo's involvement in this case was aberrant.   While she has been punished for a

number of minor traffic violations, she has never (before this case) been arrested for or convicted

of a crime.   (See PSR at ¶¶42-47).   It is apparent that something in her life changed; some catalyst

propelled her into the instant conduct. Given the aforementioned abuse she suffered, it is not

difficult to discern what/who the catalyst was.

### 2.   Reasons Supporting a Downward Variance

The totality of circumstances in this case warrant a sentence of time served, followed by

supervised release.   Ms. Perdomo's lack of criminal history, her good behavior while on bond

supervision in this case (PSR at ¶14), her status as a single mother with three young children, and

the fact that one of her children has special needs that require constant care all militate in favor of

a sentence that does not include further incarceration.   Any further custody would be a devastating

blow to her already-fragile family unit.   She has demonstrated that she is not only amenable to

supervision, but will abide by any conditions placed on her.   Given the aberrant nature of her

behavior and all of the other circumstances mentioned herein, any other sentence would be greater than necessary under 18 U.S.C. §3553(a).

## III.    CONCLUSION

For these reasons, Ms. Perdomo respectfully requests that the Court vary downward from the applicable sentencing guideline range and sentence her to time served, combined with supervised release.

Respectfully submitted,

*/s/Charles E. Fleming*
CHARLES E. FLEMING (0046778)
Assistant Federal Public Defender
Office of the of the Federal Public Defender
1660 West Second Street, Suite 750
Cleveland, Ohio 44113
(216) 522-4856 Fax: (216) 522-4421
Email:   charles_fleming@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2019, a copy of the foregoing Sentencing Memorandum was filed electronically.   Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.   A copy has been emailed to Assistant U.S. Attorney Linda Barr.

Respectfully submitted,

*/s/Charles E. Fleming*
CHARLES E. FLEMING (0046778)
Assistant Federal Public Defender

Counsel for Defendant